Theodore E. Meckler
816 E. 37th Avenue
Spokane, Washington 99203
phone nos.: (216)534-4584 & (509)714-5922

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
### EASTERN DIVISION

MARCIA JUSTICE,

MITCHELL SAULSBERRY,     JUDGE

and

WHITNEY SAULSBERRY,

PLAINTIFFS

                                CASE NO.

vs.

                                PLAINTIFFS' COMPLAINT
ARS NATIONAL SERVICES INC.,    WITH JURY DEMAND AND
                                REQUEST FOR CLASS
and                               ACTION RELIEF

ANDREA CLARK

DEFENDANTS.

*comp - 1*

1

# INTRODUCTION

1. Plaintiffs, MARCIA JUSTICE ("Justice"), MITCHELL SAULSBERRY ("M. Saulsberry"), and WHITNEY SAULSBERRY ("W. Saulsberry") (collectively "Plaintiffs"), bring this action, against Defendants, ARS National Services, Inc., d/b/a Associated Recovery Systems, Inc., ("ARS") and Andrea Clark ("Clark") (collectively "Defendants") seeking civil damages, declaratory relief, and permanent injunctive relief for deceptive, unfair, and unconscionable debt collection practices, engaged in by Defendants, which conduct is unlawful under the Fair Debt Collection Practices Act ("FDCPA", 15 USC§1692 *et seq.*)

# JURISDICTION AND VENUE

2. The jurisdiction of this court is invoked pursuant to 15 USC § 1692k (d) and 28 USC §§1331, 1337. Declaratory relief is available under 28 USC §§2201, 2202.

3. Venue is proper in this District under 28 USC§1391(b)(2) because a substantial part of the events giving rise to the claims in this case occurred within this District. Venue is proper under 28 USC §1391(c)(2) because

comp - 2

Defendants are subject to this Court's personal jurisdiction, both general and specific.

**PARTIES**

4. Plaintiff, Justice is a resident of Spokane County, Washington. Justice is M. Saulsberry's mother. Justice is a person who was subjected to conduct engaged in by Defendants, the natural consequence of which was to harass, oppress, or abuse her, in connection with the collection of a debt, per the FDCPA. (15 USC §1692d) Defendants deliberately harassed Justice. Justice was aggrieved by Defendants' unfair and unconscionable collection practices.

5. Plaintiff, M. Saulsberry is, and was at all relevant times, a "consumer", as defined in the FDCPA. (15 USC§1692a(3)) M. Saulsberry is a resident of King County, Washington. M. Saulsberry is Justice's son. The money M. Saulsberry was allegedly obligated to pay Defendants' client, was a "debt" as defined in the FDCPA. (15 USC§1692a(5))

6. Plaintiff, W. Saulsberry is a resident of Philadelphia County, Pennsylvania. W. Saulsberry is a person who was subjected to conduct

comp - 3

engaged in by Defendants, the natural consequence of which was to harass, oppress, or abuse her, in connection with the collection of a debt, per the FDCPA. (15 USC §1692d) W. Saulsberry was aggrieved by Defendants' unfair and unconscionable collection practices. W. Saulsberry is M. Saulsberry's sister. She was deliberately harassed by Defendants' conduct.

7. Defendant, ARS National Services, Inc., ("ARS") is a California for profit corporation, registered with the State of Washington. ARS is a "debt collector" as defined by the FDCPA. (15 USC §1692a(6)) ARS operates a nationwide debt collection business and has transacted business and engaged in extensive debt collection activities on behalf of various creditor/clients within the geographic area that makes up the Eastern District of Washington. ARS regularly uses the mails and/or the telephone to collect or attempt to collect delinquent consumer debts. ARS was acting as a debt collector when it attempted to collect a consumer debt allegedly owed by M. Saulsberry and when its agent(s) made calls to both Justice and W. Saulsberry in connection with said debt. ARS is authorized to conduct business in Washington state, and maintains a registered Statutory Agent with the Secretary of State of

*comp – 4*

Washington. ARS conducts its business in the State of Washington with the permission of the Secretary of State.

8. Upon information and belief Plaintiffs state that Defendant, Andrea Clark ("Clark") was at all relevant times an employee and duly authorized agent of ARS. Plaintiffs recognize that Clark may be a fictitious name, and if so, once they learn Clark's actual name through discovery, they reserve the right to amend their complaint accordingly. Clark was employed by ARS as a "debt collector" as defined by the FDCPA. (15 USC §1692a(6)) Clark has transacted business and engaged in extensive debt collection activities on behalf of various creditor/clients within the geographic area that makes up the Eastern District of Washington. As an ARS employee Clark regularly participated in such activities. Clark's debt collecting activities included regularly using the mails and/or the telephone to collect or attempt to collect delinquent consumer debts. Clark was acting as ARS's duly authorized agent when she attempted to collect a consumer debt allegedly owed by M. Saulsberry by making phone calls to both Justice and W. Saulsberry.

comp - 5

## STATEMENT OF FACTS

9. Plaintiffs incorporate by reference all previous allegations as if restated herein.

10. On about October 15, 2015 ARS's agent, identifying herself as Andrea Clark, called Justice's cell phone and left the following voice mail message:

> Hello. This urgent message is intended for Mitchell Saulsberry. My name is Andrea Clark I am contacting you in reference to a complaint that has been forwarded to my office. In order for you to discuss these pending actions that are currently being filed against you it is crucial you get in contact with the issuing firm before further action is taken. Their direct telephone number would be 877-400-7694. Also be sure to reference your case number. Your case number would be 31-00329. Again this urgent message is intended for Mitchell Saulsberry. This is a time sensitive matter so it is recommended that you respond as soon as possible.

11. On about October 15, 2015 ARS's agent, identifying herself as Andrea Clark, called W. Saulsberry's cell phone and left a voice mail message that was identical to the message quoted above.

12. At no time did M. Saulsberry authorize Defendants to communicate with Justice, W. Saulsberry, or any other third-party (other than his attorney), in connection with any debt he allegedly owed.

comp – 6

13. The phone number provided by Defendants, i.e. 877-400-7694, was answered by an agent of ARS. Upon information and belief Plaintiffs state that ARS was the customer to which said number was assigned and billed.

14. Defendants made false, deceptive, misleading, and/or threatening representations, for which Plaintiffs are entitled to damages.

15. Defendants engaged in conduct prohibited by the FDPCA.

16. Defendants used false, deceptive and misleading means in connection with their attempts to collect a debt by not identifying the purpose of the phone calls or that they were an attempt to collect a debt.

## CLAIMS FOR RELIEF (FDCPA)

17. Plaintiffs incorporate by reference all previous allegations as if restated herein.

18. Defendants' FDCPA violations include, but are not limited to the following:

   a) Defendants' communications with Justice and W. Saulsberry were in connection with the collection of a alleged debt not owed by them, but by M. Saulsberry, thus violating 15 USC §1692c(b).

*comp* – 7

b) M. Saulsberry did not provide his consent for Defendants to communicate with either Justice or W. Saulsberry. Defendants did not have the permission of a court to engage in said communications. Nor were said communications necessary to effectuate a post-judgment judicial remedy.

c) The natural consequences of Defendants' conduct was to harass, oppress, and/or abuse Plaintiffs in connection with the collection of a debt, thus violating 15 USC§1692d.

d) Defendants placed telephone calls without meaningfully disclosing their identity to Justice and W. Saulsberry, thus violating 15 USC§1692d (6).

e) Defendants used false, deceptive, and/or misleading representations and/or means in connection with their attempt to collect a debt allegedly owed by M. Saulsberry, thus violating 15 USC §1692e.

f) Defendants falsely represented the character and/or legal status of any debt allegedly owed by M. Saulsberry, thus violating 15 USC §1692e(2)(A).

comp - 8

g) Defendants falsely represented and/or used deceptive means to attempt to collect a debt, thus violating 15 USC §1692e(10).

h) Defendants failed to disclose in their initial communication that they were attempting to collect a debt and/or that any information they obtained would be used for that purpose, thus violating 15 USC §1692e(11).

i) In all subsequent communications about M. Saulsberry's alleged debt Defendants failed to disclose that they were debt collectors, thus violating 15 USC §1692e(11).

j) Defendants falsely represented and/or implied that the documents they referred to in their above referenced communications were legal process, thus violating 15 USC §1692e(13).

k) In their communications concerning the debt allegedly owed by M. Saulsberry Defendants failed to disclose the true name of their company, or organization, thus violating 15 USC §1692e(14).

l) Defendants used unfair and/or unconscionable means to attempt to collect a debt, which they claimed to be due from M. Saulsberry, thus

*comp - 9*

violating 15 USC §1692f.

m) In their communications concerning the debt Defendants failed to disclose the amount of the debt allegedly owed, thus violating 15 USC §1692g(1).

n) In their communications concerning the debt Defendants failed to disclose the name of the creditor, thus violating 15 USC §1692g(2).

o) In their communications concerning the debt Defendants failed to disclose that unless M. Saulsberry timely disputed the validity of the debt they would assume it was valid, thus violating 15 USC §1692g(3).

p) In their communications concerning the debt Defendants failed to disclose that if M. Saulsberry notified them within thirty days that the alleged debt was disputed, they would obtain verification of the debt or a copy of a judgment against him and mail copies of the same to him, thus violating 15 USC §1692g(4).

q) In their communications concerning the debt Defendants failed to

*comp - 10*

disclose that upon M. Saulsberry's written request within thirty-days, they would provide him with the name and address of the original creditor, if it was different than the current creditor, thus violating 15 USC §1692g(5).

19. As a result of Defendants' multiple violations of the FDCPA, Plaintiffs have suffered actual damages, including but not limited to emotional distress, an invasion of their privacy, worry, and concern, for which they are entitled to an award of actual damages.

20. As a result of Defendants' multiple violations of the FDCPA, Plaintiffs are entitled to statutory damages.

21. As a result of Defendants' multiple violations of the FDCPA, Plaintiffs are entitled to their costs in pursuing this action.

22. As a result of Defendants' multiple violations of the FDCPA, Plaintiffs are entitled to an award of reasonable attorney fees.

## CLASS ACTION ALLEGATIONS

23. Plaintiffs, incorporate by reference all previous allegations as if restated herein.

24. Plaintiffs seek certification of a class under Fed.R.Civ.P. 23(b)(3),
comp - 11

consisting of all individuals residing in the state of Washington who received telephone communications from ARS, by and through its agents, who were unlawfully attempting to collect a consumer debt, if such calls were made between the following dates: one year before the filing of this complaint and ninety days after the filing of this complaint.

25. Upon information and belief Plaintiffs state that the class is so numerous that joinder of its members is impractical.

26. Upon information and belief Plaintiffs state that common questions of law and fact shared by all putative class members predominate over individualized issues.

27. Upon information and belief Plaintiffs state that the predominating common questions include:

    a) whether Defendants routinely communicate with third parties without the consumer's permission when engaging in debt collecting communications, in violation of 15 USC §1692c(b).

    b) whether Defendants routinely fail to provide the disclosures

*comp -12*

required by 15 USC § 1692e(11) when engaging in debt collecting communications.

c) whether Defendants routinely fail to meaningfully disclose their identity in telephone calls when engaging in debt collecting communications, in violation of 15 USC §1692d (6).

d) whether Defendants routinely misrepresent the character and/or legal status of a debt when engaging in debt collecting communications, in violation of 15 USC §1692e(2)(A).

e) whether Defendants routinely falsely represent and/or imply that documents they possessed were legal process, when engaging in debt collecting communications, in violation of 15 USC §1692e(13).

f) whether Defendants routinely fail to disclose the true name of their business, company, or organization when engaging in debt collecting communications, in violation of 15 USC§1692e(14).

*comp 13*

g) whether Defendants routinely fail to provide consumers with the disclosures required by 15 USC §1692g when engaging in debt collecting communications.

28. Upon information and belief Plaintiffs state that named Plaintiffs' claims are typical of the claims of the class members.

29. Plaintiffs will fairly and adequately represent the class members, and have retained competent counsel, experienced in class actions, federal litigation in general, and FDCPA litigation in particular.

30. A class action would be superior to other claim resolution methods because:

    a) individual actions are not economically feasible given the large number of potential class members and violations,

    b) class members are likely to be unaware of their rights, and

    c) Congress intended class actions to be a principal enforcement mechanism under the FDCPA.

*comp – 14*

## PRAYER FOR RELIEF

Wherefore, each Plaintiff, demands the following:

a) Statutory damages of $1,000 for each FDCPA violation engaged in by Defendants vis a vis each Plaintiff, pursuant to 15 USC §1692k(a) *et seq.*;

b) Actual damages for each Plaintiff, in an amount to be established;

c) Reasonable attorney fees for all legal services performed by Plaintiffs' attorney(s) related to the prosecution of this case;

d) Reimbursement for all costs and expenses incurred in connection with the prosecution of this case;

e) Final and permanent injunctive relief preventing Defendants from engaging in further unlawful conduct;

f) A declaration that Defendants' conduct was either deceptive, unfair and/or unconscionable;

g) A trial by jury on all appropriate issues; and

h) Any further relief at law or in equity, which this Court may deem appropriate.

*comp – 15*

Respectfully submitted,

s/ Theodore E. Meckler
THEODORE E. MECKLER (41105)
816 E. 37TH AVENUE
SPOKANE, WASHINGTON 99203
phone nos.: (216)534-4584
(509)714-5922 &
email: tedmeckler@gmail.com

**ATTORNEY FOR PLAINTIFFS**

**JURY DEMAND**

Plaintiffs demand a trial by jury in accordance with law.

s/ Theodore E. Meckler
THEODORE E. MECKLER (41105)

**ATTORNEY FOR PLAINTIFFS**

Dated November 6, 2015

*comp – 16*